UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>CARLOS MAGANA-COLIN,<br><br>Movant. | No. 2:13-cr-0114 MCE KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Movant, proceeding pro se, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising one claim under Johnson v. United States, 135 S. Ct. 2551 (2015). Respondent opposes the motion; movant did not file a reply. As discussed below, the undersigned recommends that the motion be denied.

II. Background

In April of 2014, movant pled guilty to an indictment charging him with being a deported alien found in the United States, a violation of 8 U.S.C. § 1326. (ECF Nos. 1 & 22.)

On April 3, 2014, movant pled guilty. (ECF No. 22.) In the plea agreement, consistent with the presentence investigation report ("PSR"), movant agreed to the sixteen-level enhancement under USSG § 2L1.2(b)(1)(A)(i), as follows:

////

1

> [movant] admits that prior to his deportation in 2000, he was convicted of Possession of Salt Cocaine for Sale, a felony, in violation of California Health and Safety Code 11351, on or about February 8, 1996, in San Mateo County, California. The sentence imposed exceeded 13 months. The defendant further admits that prior to his deportation in 2000, he was convicted of Delivery of a Controlled Substance, to wit, heroin, a felony, in violation of Oregon Revised Statutes [sic], on or about April 10, 1990, in Josephine County, Oregon. The sentence imposed exceeded 13 months. The defendant stipulates that these are aggravated felony offenses within the meaning of 8 U.S.C. § 1101(a)(43), and drug trafficking offenses within the meaning of USSG § 2L1.2(b)(1)(A).

(ECF No. 22 at 10.) Movant was sentenced to 57 months in the custody of the Bureau of Prisons. (ECF Nos. 34, 35.)

III. Johnson v. United States

In Johnson, the United States Supreme Court considered whether the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. As background, the ACCA imposes a fifteen-year minimum prison sentence on anyone who violates 18 U.S.C. § 922(g) and has three prior convictions for either violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA provides three definitions for "violent felony," one of which is referred to as the "residual clause." The residual clause states that any felony that "involves conduct that presents a serious potential risk of physical injury to another" is a "violent felony." Id. § 924(e)(2)(B)(ii). The United States Supreme Court ultimately held in Johnson that the residual clause's definition for a "violent felony" is unconstitutionally vague. 135 S. Ct. at 2563. One year later, the Court ruled that the Johnson decision applied retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1257 (2016).

Here, Johnson is not applicable because movant was not sentenced based on a determination that he committed a "violent felony" or a "crime of violence," and he was not sentenced under the residual clause of the violent felony definition of the ACCA. See United States v. Ruiz-Diaz, 668 F. App'x 289, 290 (9th Cir. 2016) ("Because the [sentencing] enhancement was not predicated on a residual clause like the one struck down in Johnson, there is no arguable issue as to whether [defendant's] sentence is illegal."). Rather, movant was sentenced pursuant to § 2L1.2(b)(1)(A)(i) of the U.S. Sentencing Guidelines ("a drug trafficking

2

offense"). Moreover, as set forth above, movant agreed to the 16 level upward adjustment for his admitted prior crime of felony possession of salt cocaine for sale. See United States v. Mora-Duardo, 2017 WL 2664194, at *3 (S.D. Cal. June 20, 2017) (denying § 2255 petition based on Johnson because petitioner was sentenced under § 2L1.2(b), rather than the residual clause of the ACCA); Rosas-Nunez v. United States, 2017 WL 4310708 (S.D. Cal. Sept. 28, 2017) (same); Nevarez-Sanchez v. United States, 2016 WL 5464548 (S.D. Cal. Sept. 28, 2016) (prisoner was not sentenced under the ACCA or a like-worded provision of the USSG, and § 2K1.2 is not vague or otherwise unconstitutional, the motion fails on the merits).

Movant's claim that he received the enhancement based on a determination that he previously committed a crime of violence is unavailing. Although a defendant could receive a sixteen-level enhancement under § 2L1.2(b)(1)(A)(i), (ii) for either a drug trafficking offense or a crime of violence, both the plea agreement and the PSR confirm that movant received the sixteen-level enhancement based on the "drug trafficking portion" of § 2L1.2(b)(1)(A)(i). (ECF No. 22 at 10:17-24; PSR at ¶10 ("Pursuant to USSG § 2Ll.2(b)(1)(A)(i), 16 levels are added because the defendant was previously deported following a felony drug trafficking conviction, Possession of Salt Cocaine for Sale, and was sentenced to five years in prison.").

Movant's motion may also be construed as challenging the U.S. Sentencing Guidelines as unconstitutionally vague based on the same reasoning as Johnson. (See ECF No. 43 at 3.) However, the Supreme Court subsequently rejected such argument. Beckles v. United States, 137 S. Ct. 886, 890, 892, 895 (2017) (the federal sentencing guidelines are not subject to vagueness challenges under the due process clause).

For all of these reasons, the § 2255 motion should be denied.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 43) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1306 MCE KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/maga0114.257.acca

4